JAMES MARTIN, BY NEXT FRIEND, RESPONDENT, v. WEST JERSEY AND SEASHORE RAILROAD COMPANY, APPELLANT.

Argued March 19, 1915—Decided June 14, 1915.

Plaintiff purchased his ticket at defendant's station after dark, and waited there for the coming of the train. When the train arrived it passed beyond the station and rested over a trestle. The trainmen waved their lanterns, which indicated to plaintiff that he was invited to go down the track and board the train. In endeavoring to do so, he fell through the trestle, the existence of which he was ignorant, and was injured. *Held*, upon motions to nonsuit and to direct a verdict, that the legal relation of the defendant to the plaintiff was that of carrier and passenger, and that whether the waving of the lantern was an invitation to the plaintiff to board the train, and whether such invitation was accompanied by the exercise of due care for the plaintiff in attempting to board the train, were jury questions.

On appeal from the Camden Circuit.

For the plaintiff-respondent, *Wescott & Weaver.*

For the defendant-appellant, *Gaskill & Gaskill.*

The opinion of the court was delivered by

MINTURN, J.    While it was dark on the evening of the 4th of November, 1912, the plaintiff, a young man of seventeen years, was waiting with his railroad ticket at Bishops Bridge for defendant's train to carry him to Waterford in Camden county. The train instead of stopping ran by the station and stopped some distance down the track, from which point no effort was made to bring it back to the station platform.

While the train was in this situation the train hands alighted with lanterns and waved them. The plaintiff assuming that the motion of the lanterns indicated an invitation to him to go down the track and board the train, proceeded to do so, and when he was near the end of the rear car he fell through a trestle over which the train, unknown to him, was standing. For the injuries consequent upon the fall this suit was instituted. These facts are not in dispute, the only divergence being in the construction given to it by the plaintiff, the defendant insisting that its men did not so handle the lanterns as to indicate to plaintiff that he was invited to board the train. That question, however, manifestly presented an issue of fact and was properly left to the jury to determine.

It cannot be said as a matter of law (assuming that the signals were given as an invitation for plaintiff to proceed and board the train, as we must assume upon a motion to nonsuit) that the plaintiff was guilty of contributory negligence in attempting to comply with the invitation, and that motion was therefore properly refused.

Having purchased his ticket at the station, his status as a passenger of the defendant was thereby established, and the duty of the defendant was the resulting one of exercising due care for the plaintiff's safety in boarding the train.

*Kingsley* v. *Delaware, Lackawanna and Western Railroad,* 81 *N. J. L.* 536; *Munroe* v. *Pennsylvania Railroad,* 85 *Id.* 688; 4 *R. C. L.* 489.

Whether under the circumstances due care was exercised was under the well settled rule a jury question, and the motion to direct a verdict for defendant was therefore properly refused. *Newark Railroad* v. *McCann,* 58 *N. J. L.* 642.

The charge of the learned trial court was consonant with this view of the situation, and we perceive no error therein.

Matter *ab extra* was injected into the case, when the defendant's attorney in addressing the jury deemed it necessary by *argumentum ad hominem,* to remind them that any verdict they might render against the defendant would have to be borne, as a penalty, so to speak, by the traveling public. Objection is urged to the allusion made to this argument by the trial court, in which the court quite properly reminded the jury of the fact that they were charged by law only with the duty of deciding the case according to the evidence before them. This instruction, we conceive, states the rule of law properly, and its restatement, while entirely discretionary with the court, was at the particular exigency neither untimely nor unseemly.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, JJ.   15.

*For reversal*—None.